ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/24/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X
DAREN LEVIN, Individually and on
Behalf of All Others Similarly
Situated,

                Plaintiff,

    - against -

RESOURCE CAPITAL CORP., JONATHAN Z.
COHEN, DAVID J. BRYANT, and ELDRON
C. BLACKWELL,

                Defendants.
- - - - - - - - - - - - - - - - - - -X

15 Civ. 7081 (LLS)

MEMORANDUM &
ORDER OF APPOINTMENT

    These motions involve completing claims for appointment as lead plaintiff and lead counsel in a securities fraud class action against Resource Capital Corp. ("Resource"), its President and Chief Executive Officer Jonathan Z. Cohen, its Senior Vice President, Chief Financial Officer, and Treasurer David J. Bryant, and its Vice President and Chief Accounting Officer Eldron C. Blackwell, pursuant to the procedures in the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Resource held a subordinated mezzanine loan position that was secured by three luxury brand hotel properties in or near San Juan, Puerto Rico. The complaint alleges that Resource and the individual defendants failed adequately to disclose Resource's exposure to the risks of the Puerto Rican economy (which included economic and credit disruptions) thus artificially inflating the value of its stock and causing losses to its shareholders when the extent

-1-

of Resource's exposure was disclosed. Compl. ¶¶ 21-29. By separate motions, (1) Charles Procopio, (2) Douglas Drees, and (3) Harry Villano, Linya Ranya Ku, and Hengyi Lin seek appointment of themselves as lead plaintiff(s), and their respective counsel as lead counsel, as governed by the procedures in the PSLRA.

### Appointment of Lead Plaintiff

The PSLRA provides that the court shall appoint the "most adequate plaintiff" as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i) (2012). The PSLRA provides that:

> the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that—
>
> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Id. § 78u-4(a)(3)(B)(iii). Each of the three motions was made in response to a notice, satisfying the first requirement.

Based on the complaint and the motion papers, the named plaintiff (Daren Levin) in the original complaint and the movants have estimated losses as follows: Daren Levin, $2858; Charles Procopio, $150,000; Douglas Drees, $330,881; and Harry Villano,

Linya Ranya Ku, and Hengyi Lin, $1845.[1]  Movant Douglas Drees, who has the highest estimated losses, satisfies the second requirement.

Movant Douglas Drees meets the requirements of Fed. R. Civ. P. 23 relevant to a PSLRA lead plaintiff determination. "Typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." In re Oxford Health Plans, Inc. Sec. Litig., 182 F.R.D. 42, 49 (S.D.N.Y. 1998). "Further, at this stage of litigation, only a preliminary showing of typicality and adequacy is required." Kaplan v. Gelfond, 240 F.R.D. 88, 94 (S.D.N.Y. 2007). Drees's claims are typical of those of the other class members since he, "like the other members of the Class, acquired Resource Capital common stock during the Class Period" and "suffered losses similar to those of other Class members. . . ." Drees Br. at 8. Further, Drees's losses give him a "significant and compelling interest" in adequately representing himself and similarly situated Class members. Id.

Accordingly, movant Douglas Drees is the most adequate plaintiff and is appointed as lead plaintiff for the Class.[2]

---

[1] See Compl. at 20 (estimated losses calculated by subtracting the share value of $3.05 on August 4, 2015, the end of the class period, from the purchase price for each of Levin's four share purchases); Procopio's brief (Dkt. No. 12) at 4; Drees's brief (Dkt. No. 14) at 1; Villano, Ku, and Lin's brief (Dkt. No. 17) at 5.

[2] The court, in absence of a compelling reason, will decline to appoint co-lead plaintiffs. See, e.g., In re Donnkenny Inc. Sec. Litig., 171 F.R.D. 156, 157-158 (S.D.N.Y. 1997).

### Appointment of Lead Counsel

"The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v) (2012). Plaintiff Douglas Drees selected Levi & Korinsky LLP, a firm which is well qualified and has successfully served as lead counsel or co-lead counsel in numerous complex securities class actions. Accordingly, Levi & Korinsky LLP is appointed lead counsel.

### Conclusion

Douglas Drees's motion (Dkt. No. 13) is granted. Douglas Drees is appointed lead plaintiff, and Levi & Korsinsky LLP lead counsel. The motions of Charles Procopio and Harry Villano, Linya Ranya Ku, and Hengyi Lin (Dkt. Nos. 11, 16) are denied.

So ordered.

Dated: New York, New York
       November 24, 2015

_____
LOUIS L. STANTON
U.S.D.J.