ORIGINAL

MEMORANDUM ENDORSEMENT

Daren Levin, Individually and on Behalf of All Others Similarly
Situated v. Resource Capital Corp., Jonathan Z. Cohen, David J.
Bryant and Eldron C. Blackwell
15 Civ. 7081 (LLS)

Defendants move to dismiss the amended complaint ("complaint") for failure to state a claim upon which relief can be granted.

Among much else, the complaint alleges that until its August 8, 2014 form 10-Q, Resource Capital's description of its commercial real estate loan portfolio said "All of our commercial real estate loans were performing as of . . .", and in its August 8 and November 10, 2014 and May 11, 2015 10-Qs it affirmatively stated "All of our commercial real estate loans were current . . . ." Complaint ¶¶ 253, 254

With regard to the $41,100,000 Mezzanine Loan, the statements that it was "performing" or "current" are accurate only in the special sense that its performance complied with its "troubled-debt" restructuring in September 2012 under which it stopped paying interest on its loan, as a concession "given to a borrower in financial difficulty." (Resource's Form 10K December 31, 2012, p. 97)   Under that concession, the borrower in financial difficulty was "current" and "performed" by not paying interest: a counter-intuitive use of those characterizations.

To describe the Mezzanine Loan as "performing" or "current" without stating the qualification that it was a non-interest-paying troubled debt of a borrower in financial difficulty was, in the words of SEC Rule 10b-5 ". . . to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading . . . ." That pleads a prima facie violation of § 10(b) of the Exchange Act, 15 U.S.C. § 78j(b).

Defendants raise issues, but each is rebuttable (in parentheses).  They say the omission was not material in comparison to Resource's overall assets (it was material to the truth of the statements they made in the 10Qs, and the stock fell 12% on the announcement of the need for 100% reserve against the debt).  Defendants' argue that they lacked scienter (the relevant facts were well known to them, and the omission gave Resource Capital the advantage of maintaining the impression that all was well in the portfolio).  They assert that the non-disclosure accorded with generally Accepted Accounting Principles (the Financial Accounting Standards Board does not grant exemptions from making disclosures required to avoid misleading under the Exchange Act).

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___10/5/16___

Much in the surrounding circumstances may lead to a defendants' verdict at trial, but one cannot at this point enter judgment dismissing the complaint against them as a matter of law.

The motion to dismiss (Dkt. No. 26) and plaintiff's request for oral argument (Dkt. No. 32) are denied.

So ordered.

Dated: New York, New York
       October 5, 2016

 

                                            LOUIS L. STANTON
                                              U. S. D. J.

2

**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE RESOURCE CAPITAL CORP.
SECURITIES LITIGATION

Case No. 1:15-cv-07081-LLS

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that, upon the accompanying memorandum of law and Declaration of Mark P. Gimbel and the exhibits thereto, both dated April 12, 2016, and the Consolidated Amended Complaint in this action, Defendants Resource Capital Corp., Jonathan Z. Cohen, David J. Bryant, Eldron C. Blackwell, and David E. Bloom, by their attorneys Covington & Burling LLP, will move this Court, before the Honorable Louis L. Stanton, United States District Court Judge, at the Thurgood Marshall United States Courthouse, 40 Foley Square, Courtroom 1305, New York, New York, as soon as counsel may be heard, for an order pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u–4(b), dismissing all causes of action in the Consolidated Amended Complaint, and for such other and further relief as the Court deems just and proper.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Stipulation and Order entered by the Court on December 10, 2015 (ECF No. 24), Plaintiff's memorandum of law in opposition, if any, must be filed and served on the undersigned counsel by June 13, 2016

Dated: April 12, 2016
      New York, New York

Respectfully submitted,

**COVINGTON & BURLING LLP**

By:  s/ Mark P. Gimbel
         Mark P. Gimbel

Benjamin R. Salk
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
(212) 841-1000
mgimbel@cov.com
bsalk@cov.com

*Attorneys for Resource Capital Corp., Jonathan Z. Cohen, David J. Bryant, Eldron C. Blackwell, and David E. Bloom.*

To:

Nicholas I. Porritt, Esq.
Adam M. Apton, Esq.
Michael B. Ershowsky, Esq.
Levi & Korsinsky LLP
30 Broad Street, 24th Floor
New York, NY 10004
(212) 363-7500

*Attorneys for Lead Plaintiff and
Lead Counsel for the Class.*

2

# LEVI&KORSINSKY LLP

**MEMO ENDORSED**

1101 30th Street NW, Suite 115
Washington D.C. 20007
T: 202-524-4290
F: 202-333-2121
www.zlk.com

Adam Apton
aapton@zlk.com

June 13, 2016

**VIA ECF**

The Honorable Louis L. Stanton
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:     *Levin v. Resource Capital Corp., et al.*
        Docket No.: 1:15-cv-07081-LLS

Dear Judge Stanton:

We represent Lead Plaintiff Douglas Drees in the above-referenced action.  Earlier this evening, we filed Lead Plaintiff's opposition to Defendants' motion to dismiss.  In accordance with your Honor's Individual Practice Rules, we respectfully request oral argument on the motion.

Respectfully,

Levi & Korsinsky LLP

By:     s/ Adam Apton
        Adam M. Apton

CC: All Counsel of Record

4846-3595-8826, v. 1