**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DAREN LEVIN, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br> v.<br><br>RESOURCE CAPITAL CORP., JONATHAN Z. COHEN, DAVID J. BRYANT, ELDRON C. BLACKWELL, and DAVID E. BLOOM,<br><br>     Defendants. | Case No. 1:15-cv-07081<br><br>Hon. Louis L. Stanton |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**

 **WHEREAS**, a consolidated class action is pending before the Court entitled *Levin v. Resource Capital Corp., et al.*, 1:15-cv-07081;

 **WHEREAS**, the Court having reviewed and considered Plaintiffs' unopposed Motion for (I) Preliminary Approval of Settlement, and (II) Approval of Notice to the Settlement Class (the "Motion"); as well as all papers submitted in support thereof; the proposed Settlement as set forth in the Stipulation of Settlement ("Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions of a proposed settlement of the above-captioned Action, dismissing all claims against the Defendants with prejudice upon the terms and conditions set forth therein; a copy of which has been submitted with the Motion and the terms of which are incorporated herewith; and all other prior proceedings in this Action; and good cause for this Order having been shown:

 **NOW, THEREFORE, IT IS HEREBY ORDERED**:

 1. The provisions of the Stipulation, including definitions of the terms used therein,

are hereby incorporated by reference as though fully set forth herein.  All capitalized terms used herein have the meanings set forth and defined in the Stipulation.

2.      This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including Class Members.

3.      The Court preliminarily approves the Settlement and the proposed Plan of Allocation described in the Notice as fair, reasonable, and adequate as to all Class Members, pending a final settlement and fairness hearing (the "Settlement Hearing"). The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; (iv) not improperly granting preferential treatment to the Lead Plaintiff or segments of the Class; and (v) warranting notice of the proposed Settlement at the Settlement Hearing described below.

4.      The Court approves the appointment of Epiq Class Action & Claims Solutions, Inc. as the Escrow Agent to manage the Escrow Account for the benefit of the Settlement Class.

5.      The Court approves the appointment of Epiq Class Action & Claims Solutions, Inc. as the Claims Administrator to supervise and administer the notice procedure and the processing of claims.

## **Stay Order**

6.      The Court orders the stay of any pending litigation in the Action and enjoins the initiation of any new litigation by any Class Member in any court, arbitration, or other tribunal that includes any Released Claims against any of the Released Parties..

**Form and Timing of Notice**

7.      The Court hereby approves, as to form and content, the Notice, substantially in the form annexed hereto as Exhibit A-1, and directs that as soon as practicable after entry of this Order, but no later than **fourteen (14) days** after entry of this Order ("Notice Date"), the Claims Administrator shall provide the Notice to each known Class Member via first class U.S. mail, postage pre-paid. Resource Capital shall cooperate in the identification of Class Members by producing reasonably available information from its shareholder transfer records or transfer agent. The Claims Administrator shall file with the Court proof of mailing of the Notice **seven (7) days** prior to the Settlement Hearing.

8.      Banks, brokerage firms, institutions, and other persons who are nominees who purchased or otherwise acquired Resource Capital Common Shares, Series B Preferred Shares, or Series C Preferred Shares for the beneficial interest of other persons during the Class Period are directed to, within **ten (10) days** after receipt of the Notice: either (a) send the Notice and the Proof of Claim form to all beneficial owners of Resource Capital Common Shares, Series B Preferred Shares, or Series C Preferred Shares purchased or otherwise acquired during the Class Period; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator. The Claims Administrator shall provide the Notice to each Class Member identified through point (b) of this Paragraph via first class U.S. mail, postage pre-paid, no later than **sixty (60) days** prior to the Settlement Hearing.

9.      The cost of providing the Notice to the Settlement Class as specified in this Order shall be paid as set forth in the Stipulation.

10.     The Court approves, as to form and content, the proposed form Summary Notice, substantially in the form annexed hereto as Exhibit A-3, and directs that no later than **fourteen**

3

**(14) days** after entry of this Order the Claims Administrator shall cause such Summary Notice to be published on a national business newswire. The Claims Administrator shall file with the Court proof of publication of the Summary Notice **seven (7) days** prior to the Settlement Hearing.

11.     The Court approves the proposed Proof of Claim Form substantially in the form of Exhibit A-2 hereto.

12.     The Court orders that the Notices, Proof of Claim Form, Stipulation, and all papers submitted in support thereof shall be posted to a website to be maintained by the Claims Administrator.

13.     This Court preliminarily finds that the distribution of the Notice and the publication of the Summary Notice, and the notice methodology contemplated by the Stipulation and this Order:

(a)     Constitute the best practicable notice to Class Members under the circumstances of this Action;

(b)     Are reasonably calculated, under the circumstances, to apprise Class Members of: (i) the proposed Settlement of this Action; (ii) their right to exclude themselves from the Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, if they did not exclude themselves from the Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all persons not excluded from the Class;

(c)     Are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

(d)    Fully satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), the Private Securities Litigation Reform Act of 1995, the Rules of Court, and any other applicable law.

## Participation and Exclusion

14.    Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim Form in accordance with the instructions contained in the Notice. Unless the Court orders otherwise, all Proof of Claim Forms must be submitted no later than **one hundred ten (110) days** after entry of this Order granting preliminary approval.

15.    Any Class Member who does not submit a Proof of Claim Form within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court.  Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

16.    Any person falling within the definition of the Class may seek to be excluded from the Class by submitting to the Claims Administrator a request for exclusion ("Request for Exclusion"), which complies with the requirements set forth in the Notice and is postmarked no later than **thirty (30) days** prior to the date of the Settlement Hearing. Any Request for Exclusion that does not supply the information required by this Paragraph 16 shall be rejected, and any such Class Member shall be bound by the Stipulation and any judgment entered in connection therewith.

17.     All persons who submit valid and timely Requests for Exclusion shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Stipulation or the Judgment. However, a Class Member may submit a written revocation of a Request for Exclusion up until five (5) days prior to the date of the Settlement Hearing and still be eligible to receive payments pursuant to the Stipulation provided the Settlement Class Member also submits a valid Proof of Claim prior to the Settlement Hearing (the "Bar Date").

### Settlement Hearing; Right to Appear and Object

18.     The Settlement Hearing shall take place before the undersigned, United States District Louis L. Stanton, in Courtroom 21C, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York 10007, on _____, 2018, at ____:__ _.m., to determine:

(a)     Whether the Settlement, on the terms and conditions provided for in the Stipulation, should be finally approved by the Court as fair, reasonable, and adequate;

(b)     Whether the Action should be dismissed on the merits and with prejudice as to the Defendants;

(c)     Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Action;

(d)     Whether the application for attorneys' fees and expenses to be submitted by Lead Counsel should be approved;

(e)     Whether the Plan of Allocation is fair and reasonable to the members of the Settlement Class;

(f)     Whether the application for compensatory awards to be submitted on behalf of Lead Plaintiff and Plaintiff should be approved; and

(g)     Such other matters as the Court may deem necessary or appropriate.

19.     The Court may finally approve the Stipulation at or after the Settlement Hearing with any modifications agreed to by the parties and without further notice to the Class Members.

20.     Lead Counsel shall submit papers in support of the Settlement, Plan of Allocation and awards of attorney fees and expenses and compensatory awards no later than **thirty five (35) days** prior to the Settlement Hearing.

21.     Any Class Member and any other interested person may appear at the Settlement Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing; provided, however, that no person shall be heard, and no papers, briefs, or other submissions shall be considered by the Court in connection to such matters, unless no later than **twenty one (21) days** before the Settlement Hearing, such person files with the Court a statement of objection setting forth: (i) whether the person is a Class Member; (ii) to which part of the Stipulation the Class Member objects; (iii) the specific reason(s), if any, for such objection including any legal support the Class Member wishes to bring to the Court's attention. Such Class Member shall also provide documentation sufficient to establish the amount and type of Resource Capital securities purchased during the Class Period (including the number of shares, dates, and prices). Failure to provide such information and documentation shall be grounds to void the objection.

22.     Objection materials must be sent to:

    Lead Counsel:               Nicholas I. Porritt
                                            Levi & Korsinsky, LLP
                                            1101 30th Street, NW, Suite 115
                                            Washington, D.C. 20007

23.     Upon receipt of the objection materials, Lead Counsel shall immediately send such materials to Defendants' Counsel.

24.     Lead Counsel shall file all objections with the Court no later than **fourteen (14) days** prior to the Settlement Hearing. All papers in response to objections or otherwise in support of the Settlement and related matters shall be filed no later than **seven (7) days** prior to the Settlement Hearing.

25.     Defendants shall have no responsibility for the Plan of Allocation or any application for a Fee and Expense Order, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Stipulation.

26.     At or after the Settlement Hearing, the Court will determine whether the Plan of Allocation and any application for a Fee and Expense Order proposed by Lead Counsel should be approved.

27.     All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation. The Court may adjourn the Settlement Hearing, including the consideration of the motion for attorneys' fees and expenses, without further notice of any kind other than an announcement of such adjournment in open court at the Settlement Hearing or any adjournment thereof.

28.     If the Settlement is approved, all Class Members will be bound by the terms of the Settlement as set forth in the Stipulation, and by any judgment or determination of the Court affecting the Class, regardless of whether or not a Class Member submits a Proof of Claim. Any member of the Class who fails to opt out of the Class or who fails to object in the manner prescribed therein shall be deemed to have waived, and shall be foreclosed forever from raising objections or asserting any claims arising out of, related to, or based in whole or in part on any of the facts or matters alleged, or which could have been alleged, or which otherwise were at issue in the Action.

## Other Provisions

29.     Upon payment of the Settlement Amount into the Escrow Account pursuant to the Stipulation, the Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the Settlement Fund is distributed or returned to Defendants pursuant to the Stipulation and/or further order of this Court. There shall be no distribution of any part of the Net Settlement Fund to the Class until the Plan of Allocation is finally approved and the Court issues the Settlement Fund Distribution Order.

30.     Except for the obligation to cooperate in the production of reasonably available information with respect to the identification of Class Members from Resource Capital's shareholder transfer records, in no event shall the Released Parties have any responsibility for the administration of the Settlement, and the Released Parties shall not have any obligation or liability to Plaintiffs, the Class, or any Class Member in connection with such administration.

31.     No Person shall have any claim against Plaintiffs, the Claims Administrator, the Escrow Agent or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with the Stipulation, the Plan of Allocation, or any further order of the Court, except in the case of fraud or willful misconduct. No person shall have any claim under any circumstances against the Released Parties, based on any distributions, determinations, claim rejections or the design, terms, or implementation of the Plan of Allocation.

32.     Defendants have denied, and continue to deny, any and all allegations and claims asserted in the Action and maintain that they have at all times acted in good faith and in compliance with the law. They contend that they did not make any materially false or

misleading statements or omissions, that they disclosed all material information required to be disclosed, and that any alleged misstatements or omissions were not made with the requisite intent or knowledge of wrongdoing. Defendants also contend that any losses suffered by members of the Class were not caused by any false or misleading statements by Defendants and/or were caused by other events. Defendants have represented that they entered into the Settlement solely to eliminate the burden, expense, and uncertainties of further litigation.

33.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants or other Released Parties, or deemed to be evidence, of the truth of any of the allegations in the Action, or of any liability, fault, wrongdoing, or damage of any kind, or any infirmity in the defenses that Defendants have asserted.

34.     The Released Parties and their respective counsel may file the Stipulation and/or the Order and Final Judgment in any action that may be brought against them in order to support any defense or counterclaim, including without limitation those based on the principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion.

35.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection therewith shall be null and void to the extent provided by and in accordance with the Settlement, and without prejudice to the rights of the parties to the Stipulation before it was executed.

36.     The Court reserves the right to alter the time or the date of the Settlement Hearing

without further notice to the Class Members, provided that the time or the date of the Settlement

Hearing shall not be set at a time or date earlier than the time and date set forth in Paragraph 18

above, and retains jurisdiction to consider all further applications arising out of or connected

with the settlement.


**SO ORDERED** in the Southern District of New York on _____, 2018.


_____
THE HON. LOUIS L. STANTON
UNITED STATES DISTRICT JUDGE