**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/3/18

| | |
|---|---|
| DAREN LEVIN, individually and on behalf of all others similarly situated, | Case No. 1:15-cv-07081 |
| Plaintiff, | Hon. Louis L. Stanton |
| v. | EXHIBIT-A 669 |
| RESOURCE CAPITAL CORP., JONATHAN Z. COHEN, DAVID J. BRYANT, ELDRON C. BLACKWELL, and DAVID E. BLOOM, | |
| Defendants. | |

## ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

**WHEREAS**, a consolidated class action is pending before the Court entitled *Levin v. Resource Capital Corp., et al.*, 1:15-cv-07081;

**WHEREAS**, the Court having reviewed and considered Plaintiffs' unopposed Motion for (I) Preliminary Approval of Settlement, and (II) Approval of Notice to the Settlement Class (the "Motion"); as well as all papers submitted in support thereof; the proposed Settlement as set forth in the Stipulation of Settlement ("Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions of a proposed settlement of the above-captioned Action, dismissing all claims against the Defendants with prejudice upon the terms and conditions set forth therein; a copy of which has been submitted with the Motion and the terms of which are incorporated herewith; and all other prior proceedings in this Action; and good cause for this Order having been shown:

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.     The provisions of the Stipulation, including definitions of the terms used therein,

are hereby incorporated by reference as though fully set forth herein. All capitalized terms used herein have the meanings set forth and defined in the Stipulation.

2.      This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including Class Members.

3.      The Court preliminarily approves the Settlement and the proposed Plan of Allocation described in the Notice as fair, reasonable, and adequate as to all Class Members, pending a final settlement and fairness hearing (the "Settlement Hearing"). The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; (iv) not improperly granting preferential treatment to the Lead Plaintiff or segments of the Class; and (v) warranting notice of the proposed Settlement at the Settlement Hearing described below.

4.      The Court approves the appointment of Epiq Class Action & Claims Solutions, Inc. as the Escrow Agent to manage the Escrow Account for the benefit of the Settlement Class.

5.      The Court approves the appointment of Epiq Class Action & Claims Solutions, Inc. as the Claims Administrator to supervise and administer the notice procedure and the processing of claims.

## Stay Order

6.      The Court orders the stay of any pending litigation in the Action and enjoins the initiation of any new litigation by any Class Member in any court, arbitration, or other tribunal that includes any Released Claims against any of the Released Parties..

2

## Form and Timing of Notice

7. The Court hereby approves, as to form and content, the Notice, substantially in the form annexed hereto as Exhibit A-1, and directs that as soon as practicable after entry of this Order, but no later than **fourteen (14) days** after entry of this Order ("Notice Date"), the Claims Administrator shall provide the Notice to each known Class Member via first class U.S. mail, postage pre-paid. Resource Capital shall cooperate in the identification of Class Members by producing reasonably available information from its shareholder transfer records or transfer agent. The Claims Administrator shall file with the Court proof of mailing of the Notice **seven (7) days** prior to the Settlement Hearing.

8. Banks, brokerage firms, institutions, and other persons who are nominees who purchased or otherwise acquired Resource Capital Common Shares, Series B Preferred Shares, or Series C Preferred Shares for the beneficial interest of other persons during the Class Period are directed to, within **ten (10) days** after receipt of the Notice: either (a) send the Notice and the Proof of Claim form to all beneficial owners of Resource Capital Common Shares, Series B Preferred Shares, or Series C Preferred Shares purchased or otherwise acquired during the Class Period; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator. The Claims Administrator shall provide the Notice to each Class Member identified through point (b) of this Paragraph via first class U.S. mail, postage pre-paid, no later than **sixty (60) days** prior to the Settlement Hearing.

9. The cost of providing the Notice to the Settlement Class as specified in this Order shall be paid as set forth in the Stipulation.

10. The Court approves, as to form and content, the proposed form Summary Notice, substantially in the form annexed hereto as Exhibit A-3, and directs that no later than **fourteen**

3

**(14) days** after entry of this Order the Claims Administrator shall cause such Summary Notice to be published on a national business newswire. The Claims Administrator shall file with the Court proof of publication of the Summary Notice **seven (7) days** prior to the Settlement Hearing.

11. The Court approves the proposed Proof of Claim Form substantially in the form of Exhibit A-2 hereto.

12. The Court orders that the Notices, Proof of Claim Form, Stipulation, and all papers submitted in support thereof shall be posted to a website to be maintained by the Claims Administrator.

13. This Court preliminarily finds that the distribution of the Notice and the publication of the Summary Notice, and the notice methodology contemplated by the Stipulation and this Order:

    (a) Constitute the best practicable notice to Class Members under the circumstances of this Action;

    (b) Are reasonably calculated, under the circumstances, to apprise Class Members of: (i) the proposed Settlement of this Action; (ii) their right to exclude themselves from the Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, if they did not exclude themselves from the Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all persons not excluded from the Class;

    (c) Are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

4

(d)    Fully satisfy all applicable requirements of the Federal Rules of Civil
Procedure (including Rules 23(c) and (d)), the United States Constitution (including the
Due Process Clause), the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), the
Private Securities Litigation Reform Act of 1995, the Rules of Court, and any other
applicable law.

## Participation and Exclusion

14.    Class Members who wish to participate in the Settlement shall complete and
submit the Proof of Claim Form in accordance with the instructions contained in the Notice. Unless
the Court orders otherwise, all Proof of Claim Forms must be submitted no later than **one hundred
ten (110) days** after entry of this Order granting preliminary approval.

15.    Any Class Member who does not submit a Proof of Claim Form within the time
provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement
Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment
entered by the Court.  Notwithstanding the foregoing, Lead Counsel shall have the discretion to
accept late-submitted claims for processing by the Claims Administrator so long as distribution of
the Net Settlement Fund is not materially delayed thereby.

16.    Any person falling within the definition of the Class may seek to be excluded from
the Class by submitting to the Claims Administrator a request for exclusion ("Request for
Exclusion"), which complies with the requirements set forth in the Notice and is postmarked no
later than **thirty (30) days** prior to the date of the Settlement Hearing. Any Request for Exclusion
that does not supply the information required by this Paragraph 16 shall be rejected, and any such
Class Member shall be bound by the Stipulation and any judgment entered in connection therewith.

17.    All persons who submit valid and timely Requests for Exclusion shall have no

5

rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Stipulation or the Judgment. However, a Class Member may submit a written revocation of a Request for Exclusion up until five (5) days prior to the date of the Settlement Hearing and still be eligible to receive payments pursuant to the Stipulation provided the Settlement Class Member also submits a valid Proof of Claim prior to the Settlement Hearing (the "Bar Date").

## Settlement Hearing; Right to Appear and Object

18.     The Settlement Hearing shall take place before the undersigned, United States District Judge Louis L. Stanton, in Courtroom 21C, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York 10007, on August 3, 2018, at **12 noon.**, to determine:        LLS

(a)     Whether the Settlement, on the terms and conditions provided for in the Stipulation, should be finally approved by the Court as fair, reasonable, and adequate;

(b)     Whether the Action should be dismissed on the merits and with prejudice as to the Defendants;

(c)     Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Action;

(d)     Whether the application for attorneys' fees and expenses to be submitted by Lead Counsel should be approved;

(e)     Whether the Plan of Allocation is fair and reasonable to the members of the Settlement Class;

(f)     Whether the application for compensatory awards to be submitted on behalf of Lead Plaintiff and Plaintiff should be approved; and

(g)     Such other matters as the Court may deem necessary or appropriate.

6

19.     The Court may finally approve the Stipulation at or after the Settlement Hearing with any modifications agreed to by the parties and without further notice to the Class Members.

20.     Lead Counsel shall submit papers in support of the Settlement, Plan of Allocation and awards of attorney fees and expenses and compensatory awards no later than **thirty five (35) days** prior to the Settlement Hearing.

21.     Any Class Member and any other interested person may appear at the Settlement Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing; provided, however, that no person shall be heard, and no papers, briefs, or other submissions shall be considered by the Court in connection to such matters, unless no later than **twenty one (21) days** before the Settlement Hearing, such person files with the Court a statement of objection setting forth: (i) whether the person is a Class Member; (ii) to which part of the Stipulation the Class Member objects; (iii) the specific reason(s), if any, for such objection including any legal support the Class Member wishes to bring to the Court's attention. Such Class Member shall also provide documentation sufficient to establish the amount and type of Resource Capital securities purchased during the Class Period (including the number of shares, dates, and prices). Failure to provide such information and documentation shall be grounds to void the objection.

22.     Objection materials must be sent to:

Lead Counsel:                  Nicholas I. Porritt
                               Levi & Korsinsky, LLP
                               1101 30th Street, NW, Suite 115
                               Washington, D.C. 20007

23.     Upon receipt of the objection materials, Lead Counsel shall immediately send such materials to Defendants' Counsel.

24.     Lead Counsel shall file all objections with the Court no later than **fourteen (14)**

7

**days** prior to the Settlement Hearing. All papers in response to objections or otherwise in support of the Settlement and related matters shall be filed no later than **seven (7) days** prior to the Settlement Hearing.

25.     Defendants shall have no responsibility for the Plan of Allocation or any application for a Fee and Expense Order, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Stipulation.

26.     At or after the Settlement Hearing, the Court will determine whether the Plan of Allocation and any application for a Fee and Expense Order proposed by Lead Counsel should be approved.

27.     All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation. The Court may adjourn the Settlement Hearing, including the consideration of the motion for attorneys' fees and expenses, without further notice of any kind other than an announcement of such adjournment in open court at the Settlement Hearing or any adjournment thereof.

28.     If the Settlement is approved, all Class Members will be bound by the terms of the Settlement as set forth in the Stipulation, and by any judgment or determination of the Court affecting the Class, regardless of whether or not a Class Member submits a Proof of Claim. Any member of the Class who fails to opt out of the Class or who fails to object in the manner prescribed therein shall be deemed to have waived, and shall be foreclosed forever from raising objections or asserting any claims arising out of, related to, or based in whole or in part on any of the facts or matters alleged, or which could have been alleged, or which otherwise were at issue in the Action.

## Other Provisions

29.     Upon payment of the Settlement Amount into the Escrow Account pursuant to the Stipulation, the Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the Settlement Fund is distributed or returned to Defendants pursuant to the Stipulation and/or further order of this Court. There shall be no distribution of any part of the Net Settlement Fund to the Class until the Plan of Allocation is finally approved and the Court issues the Settlement Fund Distribution Order.

30.     Except for the obligation to cooperate in the production of reasonably available information with respect to the identification of Class Members from Resource Capital's shareholder transfer records, in no event shall the Released Parties have any responsibility for the administration of the Settlement, and the Released Parties shall not have any obligation or liability to Plaintiffs, the Class, or any Class Member in connection with such administration.

31.     No Person shall have any claim against Plaintiffs, the Claims Administrator, the Escrow Agent or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with the Stipulation, the Plan of Allocation, or any further order of the Court, except in the case of fraud or willful misconduct. No person shall have any claim under any circumstances against the Released Parties, based on any distributions, determinations, claim rejections or the design, terms, or implementation of the Plan of Allocation.

32.     Defendants have denied, and continue to deny, any and all allegations and claims asserted in the Action and maintain that they have at all times acted in good faith and in compliance with the law. They contend that they did not make any materially false or misleading statements or omissions, that they disclosed all material information required to be disclosed, and that any

9

alleged misstatements or omissions were not made with the requisite intent or knowledge of wrongdoing. Defendants also contend that any losses suffered by members of the Class were not caused by any false or misleading statements by Defendants and/or were caused by other events. Defendants have represented that they entered into the Settlement solely to eliminate the burden, expense, and uncertainties of further litigation.

33.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants or other Released Parties, or deemed to be evidence, of the truth of any of the allegations in the Action, or of any liability, fault, wrongdoing, or damage of any kind, or any infirmity in the defenses that Defendants have asserted.

34.     The Released Parties and their respective counsel may file the Stipulation and/or the Order and Final Judgment in any action that may be brought against them in order to support any defense or counterclaim, including without limitation those based on the principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion.

35.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection therewith shall be null and void to the extent provided by and in accordance with the Settlement, and without prejudice to the rights of the parties to the Stipulation before it was executed.

36.     The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the Class Members, provided that the time or the date of the Settlement

10

Hearing shall not be set at a time or date earlier than the time and date set forth in Paragraph 18 above, and retains jurisdiction to consider all further applications arising out of or connected with the settlement.

**SO ORDERED** in the Southern District of New York on April 3, 2018.

_____
THE HON. LOUIS L. STANTON
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DAREN LEVIN, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>v.<br><br>RESOURCE CAPITAL CORP., JONATHAN Z. COHEN, DAVID J. BRYANT, ELDRON C. BLACKWELL, and DAVID E. BLOOM,<br><br>               Defendants. | Case No. 1:15-cv-07081<br><br>Hon. Louis L. Stanton<br><br><br>**EXHIBIT A-1** |

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

**TO: ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED RESOURCE CAPITAL CORP. ("RESOURCE CAPITAL") SECURITIES BETWEEN OCTOBER 31, 2012 AND AUGUST 5, 2015.**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THE PROCEEDS OF THE SETTLEMENTS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED NO LATER THAN** July 23, 2018 .

A federal court authorized this Notice. This is not a solicitation from a lawyer.

**Securities and Time Period:** Resource Capital Corp. ("Resource Capital") common stock, Series

B preferred stock, and Series C preferred stock purchased/acquired between October 31, 2012 and

August 5, 2015.

**Settlement Fund:** Settlement funds of $9,500,000 total in cash have been established pursuant to

the Settlement.[1] Your recovery will depend on the amount of securities acquired and the timing

of your acquisition. Depending on the number of eligible securities that participate in the

settlement and when those securities were purchased, Lead Plaintiff estimates the average cash

recovery per share of common stock, Series B preferred stock, and Series C preferred stock will

be approximately $0.09, $0.24, and $0.24, respectively (assuming claims representing all damaged

shares are filed) before deduction of court-approved fees and expenses.

---

[1] This Notice incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated February 5, 2018 (the "Settlement" or "Stipulation"), and all capitalized terms used but not defined herein shall have the same meanings as in the Settlement. A copy of the Settlement can be obtained at www.ResourceCapitalSecuritiesLitigation.com.

**Reasons for Settlement:** The principal reason for the settlement is the benefit to be provided to the Class now. This benefit must be compared to the costs and risks associated with continued litigation, including the danger of no recovery for Class Members after a contested trial and likely appeals, possibly years into the future.

**If the Class Action Had Not Settled:** Continuing with the case could have resulted in dismissal or loss at trial. The parties disagree about both liability and damages and do not agree on the average amount of damages that would be recoverable even assuming the Class prevailed on each claim alleged. The Defendants deny that they are liable to the Class and deny that the Class has suffered any damages. Among the issues about which the two sides disagree are: (1) whether, and the extent to which, various statements and/or omissions alleged by Lead Plaintiff were materially false or misleading or actionable under the securities laws; (2) whether any of the Defendants intended to mislead investors, (3) whether, and the extent to which, various statements and/or omissions alleged by Lead Plaintiff influenced the trading price of Resource Capital securities during the relevant period; (4) whether Resource Capital securities were artificially inflated during the relevant period; (5) the method for determining whether and to what extent Resource Capital securities were artificially inflated during the relevant period; and (5) the amount of such inflation, if any.

**Attorneys' Fees and Expenses:** Lead Counsel has not received any payment for their work investigating the facts, conducting this litigation, or negotiating the settlement on behalf of Lead Plaintiff and the Class. Court-appointed Lead Counsel will ask the Court for an award of attorneys' fees not to exceed 33% ($3,166,667) from the Settlement Fund and reimbursement of out-of-pocket litigation expenses not to exceed $200,000 to be paid from the Settlement Fund. If the

3

above amounts are requested and approved by the Court, the average cost per share of common stock, Series B preferred stock, and Series C preferred stock will be approximately $0.03, $0.08, and $0.08, respectively. If approved, Lead Plaintiff estimates the average cash recovery per share of common stock, Series B preferred stock, and Series C preferred stock will be approximately $0.05, $0.15, and $0.15, respectively (assuming claims representing all damaged shares are filed).

**Deadlines:**

| | | |
|---|---|---|
| Submit Claim: | July 23 | , 2018 |
| Request Exclusion: | July 13 | , 2018 |
| File Objection: | July 13 | , 2018 |

**Court Hearing on Fairness of Settlement:** August 3 , 2018

**More Information:** www.ResourceCapitalSecuritiesLitigation.com or

**Claims Administrator:**
Resource Capital Securities Litigation
Claims Administrator
PO Box 4850
Portland, OR 97208-4850

**Lead Counsel:**
Nicholas I. Porritt, Esq
Levi & Korsinsky, LLP
1101 30th Street, N.W., Suite 115
Washington, D.C. 20007
nporritt@zlk.com

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS CLASS ACTION SETTLEMENT:

| | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to participate in another lawsuit against the Defendants relating to the legal claims in this case. |
| **OBJECT** | You may write to the Court if you do not like this Settlement. |
| **GO TO A HEARING** | You may ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment |

4

These rights and options – *and the deadlines to exercise them* – are explained in this Notice.

The Court in charge of this case must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and, if there are any appeals, after appeals are resolved. Please be patient.

## BASIC INFORMATION

### 1.    Why Did I Get This Notice Package?

You or someone in your family may have purchased or acquired the publicly traded securities of Resource Capital listed above between October 31, 2012 and August 5, 2015.

The Court ordered that this Notice be sent to you because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Southern District of New York, and the case is known as *Levin v. Resource Capital Corp., et al.*, 1:15-CV-07081 (S.D.N.Y.). The person who sued is called the Lead Plaintiff, and the companies and the individuals they sued, Resource Capital, as well as Jonathan Z. Cohen, David J. Bryant, Eldron C. Blackwell, and David E. Bloom, are called Defendants. Defendants have agreed to settle the claims made in this case.

5

## 2. What is this Lawsuit About?

Lead Plaintiff filed this lawsuit alleging that Resource Capital and certain of its former and current executive officers violated the federal securities laws by making false and misleading statements and/or omitting statements of material fact regarding Resource Capital's business, including statements relating to a Mezzanine Loan that was fully impaired by the company in 2015. The Complaint alleges, among other things, that it was misleading for the Defendants to describe the Mezzanine Loan as "performing" and "current" and that the Defendants misled investors by allegedly failing to disclose that a substantial portion of the Mezzanine Loan was secured by collateral located within Puerto Rico. The Defendants filed a motion to dismiss the Action, which the Court denied on October 5, 2016.

Defendants deny each and all of the claims and contentions of wrongdoing alleged by Lead Plaintiff in the litigation and maintain that they have at all times acted in good faith and in compliance with the law. They contend that they did not make any materially false or misleading statements, that they disclosed all material information required to be disclosed, and that any alleged misstatements or omissions were not made with the requisite intent or knowledge of wrongdoing. Defendants also contend that any losses suffered by members of the Class were not caused by any false or misleading statements or any other act or omission by Defendants and/or were caused by other events. Defendants have agreed to settle this action, without admitting any wrongdoing, solely to avoid the expense, distraction, and uncertainty of further litigation.

## 3. Why Is This a Class Action?

In a class action, one or more people or entities called class representatives (in this case, Lead Plaintiff Douglas Drees and Plaintiff Allen Altman, individually and as Trustee of the Allen Altman & Catherine Altman Living Trust) sue on behalf of a group of people who have similar claims, otherwise known as members of the Class or Class Members. One court resolves the

6

issues for all the Class Members, except for those who exclude themselves from the Class. Judge Louis L. Stanton is in charge of this class action.

### 4.     Why Is There a Settlement?

The Court did not decide in favor of the Plaintiffs or Defendants. Instead, both sides have agreed to a settlement. As a result, the parties will avoid the cost of further litigation, and eligible Class Members who make valid claims will get compensation. Plaintiffs and their attorneys (referred to here as Lead Counsel) think the settlement is the best resolution of this lawsuit for all Class Members.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to determine if you are a Class Member.

### 5.     How Do I Know if I Am A Part of the Settlement?

The Class includes all persons or entities who purchased or otherwise acquired Resource Capital common stock, Series B preferred stock, and/or Series C preferred stock between October 31, 2012 and August 5, 2015 ("Class Period").

### 6.     What Are the Exceptions to Being Included?

You are not a Class Member if you are:

- A Defendant;
- A director or officer of Resource Capital during the Class Period;
- A member of the immediate family of, or of a trust, company, entity or affiliate controlled or owned by, any excluded party during the Class Period;
- A legal representative, agent, executor, heir, successor, or assign of any excluded party.

7

If you sold but did not purchase Resource Capital securities between October 31, 2012 and August 5, 2015, you are not a member of the Class. You are a member of the Class only if you purchased or otherwise acquired your shares during the Class Period.

## 7. I'm Still Not Sure If I Am Included in the Class Action

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 844-659-0615, or you can fill out and return the Proof of Claim form enclosed with this Notice package to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 8. What Does the Settlement Provide?

Defendants have agreed to pay or cause their insurers to pay a total of $9,500,000 in cash as part of the Settlement.

The Settlement Fund will be divided among all eligible Class Members who send in valid claim forms, after payment of Court-approved attorneys' fees and expenses and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing notice (the "Net Settlement Fund").

### 9. How Much Will My Payment Be?

Your share of the Net Settlement Fund will depend on several things, including how many Class Members submit timely and valid Proof of Claim forms, the total recognized losses represented by the valid Proof of Claim forms that Class Members send in, the total number of shares of Resource Capital common stock, Series B preferred stock, and Series C preferred stock you purchased or acquired, how much you paid, and when you sold or divested.

Shareholders of Resource Capital's common stock, Series B preferred stock, and Series C preferred stock lost different amounts of money in connection with their investments. In an attempt

8

to compensate shareholders accordingly, Lead Plaintiff has divided the Net Settlement Fund into three (3) sub-funds corresponding to the overall damages sustained by each class of Resource Capital stock in the Settlement. Lead Plaintiff, with the assistance of an economic expert, estimated that damages for the common stock, series B preferred stock, and Series C preferred stock were approximately $50 million, $3 million, and $3 million, respectively. Accordingly, 90% of the Net Settlement Fund is designated for common stock claims, 5% of the Net Settlement Fund is designated for Series B preferred stock claims, and 5% of the Net Settlement Fund is designated for Series C preferred stock claims.

By following the instructions in the Plan of Allocation, you can calculate what is called your Recognized Loss. The Plan of Allocation for this Settlement is as follows: Each Class Member that submits a valid Claim (an "Authorized Claimant") will be assigned a Recognized Loss. An Authorized Claimant's Recognized Loss depends upon the number of Resource Capital shares purchased during the Class Period and held at the close of trading on August 5, 2015:

For common stock, an Authorized Claimant's Recognized Loss is $0.43/share.

For Series B preferred stock, an Authorized Claimant's Recognized Loss is $1.65/share.

For Series C preferred stock, an Authorized Claimant's Recognized Loss is $1.79/share.

These amounts represent the amounts by which each security declined in price after the Class Period in response to Resource Capital's disclosures about the Mezzanine Loan. For the purposes of this Plan of Allocation, these amounts represent your losses attributable to Defendants' alleged misconduct.

It is unlikely that you will get a payment for all of your Recognized Loss. After all Authorized Claimants have sent in their Proof of Claim forms, the payment you get will be a proportion of the Net Settlement Fund equal to your Recognized Loss divided by the total of

9

each Authorized Claimant's Recognized Losses. This calculation will be done separately for each class of Resource Capital securities. Your payment will be made in cash.

The Plan of Allocation also includes the following provisions:

1) There shall be no Recognized Loss attributed to any Resource Capital securities other than common stock, Series B preferred stock, and Series C preferred stock, or to any Resource Capital common stock, Series B preferred stock, and Series C preferred stock purchased on a foreign exchange;

2) The date of a purchase or sale is the "trade" date and not the "settlement" date;

3) The last-in, first-out basis ("LIFO") will be applied to both purchases and sales;

4) Exercise of option contracts or the conversion of preferred stock into common stock will be considered to be purchases or sales of common stock, Series B preferred stock, and Series C preferred stock as of the date of the exercise or conversion;

5) No cash payment will be made on a claim where the potential distribution amount is less than $10. Please be advised that if you did not incur a Recognized Loss as defined in the Plan of Allocation, you will not receive a cash distribution from the Net Settlement Fund, but you will be bound by all determinations and judgments of the Court in connection with the Settlement, including being barred from asserting any of the Released Claims against the Released Parties.

6) No person shall have any claim against Lead Counsel, the Claims Administrator, or any Defendants' Counsel based on the distribution made substantially in accordance with the Stipulation and this Plan of Allocation, or further orders of the Court.

7) Class Members who do not submit valid Proof of Claim forms will not share in the settlement proceeds. Class Members who do not either submit a request for exclusion or submit a valid

10

Proof of Claim form will nevertheless be bound by the Settlement and the Order and Final Judgment of the Court dismissing this Action.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

### 10.    How Will I Get a Payment?

To qualify for payment, you must be an eligible Class Member and you must send in a Proof of Claim form. A Proof of Claim form is enclosed with this Notice. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it in the enclosed envelope postmarked no later than  July 23  , 2018.

### 11.    When Will I Get My Payment?

The Court will hold a hearing on  August 3 , 2018, to decide whether to approve the settlement. If the Court approves the class action settlement, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps several years. Everyone who sends in a Proof of Claim form will be informed of the determination with respect to his or her claim. Please be patient.

### 12.    What Am I Giving Up to Get a Payment or Stay in the Class?

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants or the other Released Parties about the same legal issues in this case. It also means that all of the Court's Orders will apply to you and legally bind you, and you will release your claims in this case against the Defendants and other Released Parties. The terms of the release are included in the claim form that is enclosed and are further described below.

Specifically, if the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims in the Action and will provide

11

that Plaintiffs and all other Class Members, on behalf of themselves, and their respective past and present directors, officers, employees, agents, trustees, fiduciaries, guardians, servants, consultants, underwriters, attorneys, advisors, representatives, estate trustees, heirs, executors, administrators, predecessors, successors and assigns, and any other person claiming by, through or on behalf of them, shall be deemed by operation of law to (a) have released, waived, discharged and dismissed each and every of the Released Claims against the Released Parties; (b) forever be enjoined from commencing, instituting or prosecuting any or all of the Released Claims against any of the Released Parties; and (c) forever be enjoined from instituting, continuing, maintaining or asserting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any person or entity who may claim any form of contribution or indemnity from any of the Released Parties in respect of any Released Claim.

"Released Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, penalties, expenses or liability whatsoever, whenever or wherever incurred), whether based on federal, state, local, foreign, statutory, or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class, individual, or otherwise in nature, whether personal or subrogated, whether suspected or unsuspected, including both known claims and Unknown Claims: (1) that have been asserted in this Action against any of the Released Parties, or (2) that have been or could have been asserted in this Action or any forum by either Plaintiff or any Class Member (or any person or and/or entity claiming by, through, or on behalf of any Plaintiff or Class Member) against any of the Released

12

Parties which in any way, directly or indirectly, arise out of or are related to (i) the Mezzanine Loan or any statement or omission related to the Mezzanine Loan by any Released Party, (ii) any of the factual allegations of the Complaints, (iii) any misrepresentation or omission or alleged misrepresentation or omission by any Released Party before or during the Class Period related to or in connection with Resource Capital or any of its subsidiaries or the purchase or sale of Common Shares, Series B Preferred Shares or Series C Preferred Shares or any other security issued by Resource Capital, or (iv) any loss sustained or allegedly sustained as a result of the purchase, sale, or holding of Common Shares, Series B Preferred Shares, or Series C Preferred Shares, or other security issued by Resource Capital during the Class Period. Notwithstanding the foregoing, "Released Claims" does not include (i) claims relating to the enforcement of the Settlement or its terms, or (ii) claims asserted derivatively on behalf of Resource Capital, including (without limitation) any of the derivative claims pending in *In re Resource Capital Corp. Shareholder Derivative* Litigation Demand Futile Actions, No. 1:17-cv-00253-LLS (S.D.N.Y.), *In re Resource Capital Corp. Shareholder Derivative Litigation Demand Refused Actions*, No. 1:17-cv-01381-LLS (S.D.N.Y.), or any other pending shareholder derivative action relating to the Mezzanine Loan.

"Released Parties" means (a) Defendants; (b) each of their respective current and former officers, directors, employees, agents, servants, representatives, parents, subsidiaries, affiliates, controlled persons, controlling persons, predecessors, assigns, assignees, counsel, members, managers, equity holders, trustees, accountants, advisors, insurers, family members and partners; (c) as to any person described in clause (b) that is not a natural person, each of their respective current and former officers, directors, employees, agents, servants, representatives, parents, subsidiaries, affiliates, controlled persons, controlling persons, predecessors, assigns, assignees,

13

counsel, members, managers, equity holders, trustees, accountants, advisors, insurers, family members and partners; and (d) as to any of the foregoing, and each of their respective heirs, executors, administrators, legal representatives, successors and assigns.

"Unknown Claims" means any and all Released Claims that any Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any of the Settled Defendants' Claims which Defendants do not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Settled Defendants' Claims, Plaintiffs and Defendants stipulate and agree that upon the Effective Date, Plaintiffs and Defendants shall each, for themselves and all persons claiming by, through, or on behalf of them, expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, that is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs and Defendants acknowledge, and all Class Members and any successors, assigns, and persons claiming through or on behalf of any of the foregoing, shall, by operation of law, be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Settled Defendants' Claims were separately bargained for and constitute material elements of this Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

14

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue any of the Defendants or other Released Parties on your own about the same legal issues in this case, then you must take steps to get out of the Class. This is called excluding yourself or is sometimes referred to as opting out of the Class.

### 13.    How Do I Get Out of the Class?

To exclude yourself form the Class, you must send a letter by mail stating that you want to be excluded from *Levin v. Resource Capital Corp., et al.*, 1:15-CV-07081. You must include your name, address, telephone number, signature, the number and type of Resource Capital securities you purchased or otherwise acquired between October 31, 2012 and August 5, 2015, and the dates of such purchases. You must mail your exclusion request postmarked no later than July 13 , 2018 to:

> Resource Capital Securities Litigation
> Claims Administrator
> PO Box 4850
> Portland, OR 97208-4850

You cannot exclude yourself by phone or by e-mail. If you ask to be excluded, you are not eligible to get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit.

### 14.    If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?

No. Unless you exclude yourself, you give up any right to sue the Defendants or other Released Parties for the claims resolved by the class action settlement. If you have a pending

lawsuit against any of the Defendants, speak to your lawyer in that case immediately. Remember the exclusion deadline is <u>July 13</u>, 2018.

### 15. If I Exclude Myself, Can I Get Money from This Settlement?

No. If you exclude yourself, you will not be eligible to participate in the Settlement and should not send in a Proof of Claim form. However you may sue, continue to sue, or be part of a different lawsuit against any of the Defendants.

### THE LAWYERS REPRESENTING YOU

### 16. Do I Have a Lawyer in This Case?

The Court asked the law firm Levi & Korsinsky, LLP to represent you and other Class Members.

These lawyers are called Lead Counsel. You will not be charged for the services of these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 17. How Will the Lawyers Be Paid?

Lead Counsel will ask the Court for attorneys' fees of up to 33% of the Settlement Fund ($3,166,667) and for reimbursement of their out-of-pocket litigation expenses up to $200,000, that were advanced in connection with the Action. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel for their efforts in achieving this settlement and for the risk in undertaking this representation on a wholly contingent basis. To date, Lead Counsel has not been paid for their services for conducting this litigation on behalf of the Lead Plaintiff and Class nor for their substantial out-

16

of-pocket expenses. The fees requested will compensate Lead Counsel for their work in achieving the Settlement Fund and are within the range of fees awarded to class counsel under similar circumstances in other cases of this type. The Court may award less than this amount.

Lead Counsel will also request reimbursement of attorneys' fees and expenses for administration of the settlement including costs associated with notice and the fees and expenses of the claims administrator. Those amounts will be requested before distribution of the Net Settlement Fund to Class Members. Again, such sums as may be approved by the Court will be paid from the Settlement Fund.

Lead Counsel will also request the Court to award Lead Plaintiff Douglas Drees an incentive award of $10,000 and Additional Plaintiff Allen Altman an incentive award of $5,000 as a reward for their active participation in the Action.

**OBJECTING TO THE SETTLEMENT**

You can tell the Court that you do not agree with the settlement or any part of it.

### 18.    How Do I Tell the Court that I Do Not Like the Settlement?

If you are a Class Member, you can object to the settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the settlement in *Levin v. Resource Capital Corp., et al.*, 1:15-CV-07081. Be sure to include the reasons you object to the settlement as well as the following information: your name, address, telephone number, signature, and a list of all your purchases of Resource Capital common stock, Series B preferred stock, and Series C preferred stock between October 31, 2012 and August 5, 2015. Any objection to the settlement must be mailed or delivered such that it is received by the following no later than July 13 , 2018.

Nicholas I. Porritt, Esq.
Levi & Korsinsky, LLP
1101 30th Street, N.W., Suite 115
Washington, D.C. 20007

Lead Counsel will then immediately provide to Defendants' Counsel any such objection.

**19.    What's the Difference Between Objecting and Excluding?**

Objecting is simply telling the Court that you do not like something about the settlement. You can object *only if* you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you do not have to.

**20.    When and Where Will the Court Decide Whether to Approve the Settlement?**

The Court will hold a fairness hearing at 12:00 noon. on August 3, 2018, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 21C, New York, New York 10007. At this hearing the Court will consider whether the settlement of the Action is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court will also consider how much to pay to Lead Counsel. The Court may decide these issues at the hearing or take them under consideration. We do not know how long these decisions will take.

**21.    Do I Have to Come to the Hearing?**

No. Lead Counsel will answer any questions the Court may have on behalf of Class members. However you are welcome to come at your own expense. If you send an objection, you

do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

### 22.    May I Speak at the Hearing?

You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must send a letter saying that it is your intention to appear in *Levin v. Resource Capital Corp., et al.*, 1:15-CV-07081. Be sure to include your name, address, telephone number, signature, and the number and type of Resource Capital securities purchased between October 31, 2012 and August 5, 2015.  Your notice of intention to appear must be received no later than July 13, 2018, by Lead Counsel at the address listed in question 18.  You cannot speak at the hearing if you exclude yourself from the Class.

### IF YOU DO NOTHING

### 23.    What Happens if I Do Nothing At All?

If you do nothing, you will get no money from this Settlement. But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants or other Released Parties about the same legal issues in this case.

### GETTING MORE INFORMATION

### 24.    Are There More Details About the Settlement?

This Notice summarizes the proposed settlement. More details are in the Stipulation and Agreement of Class Settlement dated as of February 5, 2018. You can get a copy of the Stipulation   or   more   information   about   the   Settlement   by   visiting www.ResourceCapitalSecuritiesLitigation.com.

You can also contact the Claims Administrator:

> Resource Capital Securities Litigation
> Claims Administrator

PO Box 4850
Portland, OR 97208-4850

Or Lead Counsel

Nicholas I. Porritt, Esq.
Levi & Korsinsky, LLP
1101 30th Street, N.W., Suite 115
Washington, D.C. 20007

You can also obtain a copy from the Clerk's Office during regular business hours:

Clerk of Court
U.S. Courthouse
500 Pearl Street
New York, New York 10007

## DO NOT TELEPHONE THE COURT OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE

### SPECIAL NOTICE TO NOMINEES

If you purchased or acquired shares of any Resource Capital securities between October

31, 2012 and August 5, 2015, then, within ten (10) days after you received this Notice, you must

either: (1) send a copy of this Notice and Proof of Claim by first class mail to all such beneficial

owners; or (2) provide a list of names and addresses of such Persons to the Claims Administrator:

Resource Capital Securities Litigation
Claims Administrator
PO Box 4850
Portland, OR 97208-4850

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the

Claims Administrator (without cost to you) as many additional copies of these documents as you

will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the

mailing performed for you, you may obtain reimbursement for or advancement of reasonable

administrative costs actually incurred or expected to be incurred in connection with forwarding the

Notice and which would not have been incurred but for the obligation to forward the Notice, upon

submission of appropriate documentation to the Claims Administrator.

**DATED:** <u>April 3</u>       **, 2018**

**BY ORDER OF THE UNITED STATES**
**DISTRICT COURT FOR THE SOUTHERN**
**DISTRICT OF NEW YORK**

21

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DAREN LEVIN, individually and on behalf of
all others similarly situated,

                    Plaintiff,

v.

RESOURCE CAPITAL CORP., JONATHAN Z.
COHEN, DAVID J. BRYANT, ELDRON C.
BLACKWELL, and DAVID E. BLOOM,

                    Defendants.

Case No. 1:15-cv-07081

Hon. Louis L. Stanton

**EXHIBIT A-2**

## PROOF OF CLAIM AND RELEASE

## I.   GENERAL INSTRUCTIONS

1.     To recover as a member of the class based on your claims in the action entitled *Levin v. Resource Capital Corp., et al.*, 1:15-cv-07081 (the "Action"), you must complete and, on pages 5-6 hereof, sign this Proof of Claim and Release.  If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Class Settlement Fund created in connection with the proposed settlement of the Action.[1]

2.     Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of settlement in the Action.

3.     YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE July 23          , 2018, ADDRESSED AS FOLLOWS:

Resource Capital Securities Litigation
Claims Administrator
PO Box 4850
Portland, OR 97208-4850

4.     If you are a Class Member, you are bound by the terms of any judgment entered in the Action, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM unless you timely and validly request exclusion from the Settlement Class pursuant to the Notice.

## II.   CLAIMANT IDENTIFICATION

1.     If you purchased or acquired Resource Capital Common Shares, Series B Preferred Shares, and/or Series C Preferred Shares during the period from October 31, 2012 through August 5, 2015, and held the certificate(s) in your name, you are the beneficial purchaser or acquirer as

---

[1] Unless otherwise stated, all terms used in this Proof of Claim and Release shall have the same meanings as set forth in the Stipulation and Agreement of Class Settlement filed with the Court.

1

well as the record purchaser or acquirer.  If, however, the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is a record purchaser.

      2.      Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of Resource Capital securities which form the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS OF THE RESOURCE CAPITAL SECURITIES UPON WHICH THIS CLAIM IS BASED.

      3.      All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them; their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.    CLAIM FORM

      1.      Use "Part II" of this form below entitled "Schedule of Transactions in Resource Capital Securities" to supply all required details of your transaction(s). If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

      2.      On the schedules, provide all of the requested information with respect to *all* of your purchases or acquisitions and *all* of your sales of Resource Capital securities which took place at any time from October 31, 2012 through August 5, 2015, whether such transactions resulted in

a profit or a loss. You must also provide all of the requested information with respect to all of the shares of Resource Capital securities you held at the close of trading on August 5, 2015. Failure to report all such transactions may result in the rejection of your claim.

3.       List each transaction in the Class Period separately and in chronological order by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

4.       Broker confirmations or other documentation of your transactions in Resource Capital securities should be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

5.       The above requests are designed to provide the minimum amount of information necessary to process the simplest claims.

6.       NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout,       you       may       visit       the       settlement       website       at www.ResourceCapitalSecuritiesLitigation.com. Any file not in accordance with the required electronic filing format will be subject to rejection.

3

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

*Levin v. Resource Capital Corp., et al.*

Case No. 1:15-cv-0708

PROOF OF CLAIM AND RELEASE

Must be Postmarked No Later Than

_July 23_____, 2018

Please Type or Print

PART I:    CLAIMANT IDENTIFICATION

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Street Address

_____    _____

City                                                        State or Province

_____    _____

Zip Code or Postal Code                      Country

_____    _____    Individual

Social Security Number or
Taxpayer Identification Number              _____    Corporation/Other

_____    _____

Area Code                                                Telephone Number (Work)

_____    _____

Area Code                                                Telephone Number (Home)

_____

Record Owner's Name (if different from beneficial owner listed above)

4

PART II:    SCHEDULE OF TRANSACTIONS IN RESOURCE CAPITAL
            SECURITIES

A.    Number of shares of Resource Capital securities held at the close of trading on
      August 5, 2015: _____

B.    Sales or dispositions of Resource Capital securities between October 31, 2012 and
      August 5, 2015:

|   | Trade Date<br>Mo. Day Year | Number of Securities<br>Sold or Disposed | Total Transaction Price |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |

C.    Purchases or acquisitions of Resource Capital securities between October 31,
      2012 and August 5, 2015:

|   | Trade Date<br>Mo. Day Year | Number of Securities<br>Purchased or Acquired | Total Purchase Price |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |

D.    Number of shares of Resource Capital securities held at the close of trading on
      August 5, 2015: _____

      If you require additional space, attach extra schedules in the same format as
      above. Sign and print your name on each additional page.

      YOU MUST READ AND SIGN THE RELEASE ON PAGE 6 .  FAILURE TO SIGN
      THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE
      REJECTION OF YOUR CLAIM.


IV.    **SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

      I (We) submit this Proof of Claim and Release under the terms of the Stipulation and

Agreement of Settlement, dated February 5, 2018 ("Stipulation") described in the Notice. I (We)

also submit to the jurisdiction of the United States District Court for the Southern District of New

York, with respect to my (our claim) as a Class Member (as defined in the Notice) and for purposes

of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by

5

and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to Lead Counsel to support this claim if required to do so. I (We) have not submitted any other claim covering the same purchases or sales of Resource Capital securities during the Class Period and know of no other Person having done so on my (our) behalf.

## V.    RELEASE

1.    I (We) hereby acknowledge, on behalf of myself (ourselves) and each of my (our) heirs, executors, administrators, predecessors, successors and assigns, and any other person claiming by, through or on behalf of me (us) that I (we): (a) fully, finally and forever settle, release, waive, relinquish, discharge and dismiss each and every of the Released Claims against the Released Parties; (b) am (are) forever enjoined from commencing, instituting or prosecuting any or all of the Released Claims against the Released Parties; and (c) am (are) forever enjoined from instituting, continuing, maintaining or asserting, either directly or indirectly, whether in the United States or elsewhere, on my (our) own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any person or entity who may claim any form of contribution or indemnity from any of the Released Parties in respect of any Released Claim or any matter related thereto.

2.    "Released Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, penalties, expenses or liability whatsoever, whenever or wherever incurred), whether based on federal, state, local, foreign, statutory, or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class, individual, or otherwise in nature, whether personal or subrogated, whether suspected or

6

unsuspected, including both known claims and Unknown Claims: (1) that have been asserted in this Action against any of the Released Parties, or (2) that have been or could have been asserted in this Action or any forum by either Plaintiff or any Class Member (or any person or and/or entity claiming by, through, or on behalf of any Plaintiff or Class Member) against any of the Released Parties which in any way, directly or indirectly, arise out of or are related to (i) the Mezzanine Loan or any statement or omission related to the Mezzanine Loan by any Released Party, (ii) any of the factual allegations of the Complaints, (iii) any misrepresentation or omission or alleged misrepresentation or omission by any Released Party before or during the Class Period related to or in connection with Resource Capital or any of its subsidiaries or the purchase or sale of Common Shares, Series B Preferred Shares or Series C Preferred Shares or any other security issued by Resource Capital, or (iv) any loss sustained or allegedly sustained as a result of the purchase, sale, or holding of Common Shares, Series B Preferred Shares, or Series C Preferred Shares, or other security issued by Resource Capital during the Class Period. Notwithstanding the foregoing, "Released Claims" does not include (i) claims relating to the enforcement of the Settlement or its terms, or (ii) claims asserted derivatively on behalf of Resource Capital, including (without limitation) any of the derivative claims pending in *In re Resource Capital Corp. Shareholder Derivative* Litigation Demand Futile Actions, No. 1:17-cv-00253-LLS (S.D.N.Y.), *In re Resource Capital Corp. Shareholder Derivative Litigation Demand Refused Actions*, No. 1:17-cv-01381-LLS (S.D.N.Y.), or any other pending shareholder derivative action relating to the Mezzanine Loan.

3.    "Unknown Claims" means any and all Released Claims that any Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any of the Settled Defendants' Claims which Defendants do not know or

suspect to exist in his, her or its favor, which if known by him, her or it might have affected his,

her or its decision(s) with respect to the Settlement. With respect to any and all Released Claims

and Settled Defendants' Claims, Plaintiffs and Defendants stipulate and agree that upon the

Effective Date, Plaintiffs and Defendants shall each, for themselves and all persons claiming by,

through, or on behalf of them, expressly waive, and each Class Member shall be deemed to have

waived, and by operation of the Judgment shall have expressly waived, any and all provisions,

rights and benefits conferred by any law of any state or territory of the United States, or principle

of common law, that is similar, comparable, or equivalent to Cal. Civ. Code §1542, which

provides:

> A general release does not extend to claims which the creditor does not
> know or suspect exist in his or her favor at the time of executing the release,
> which if known by him or her must have materially affected his or her
> settlement with the debtor.

Plaintiffs and Defendants acknowledge, and all Class Members and any successors,

assigns, and persons claiming through or on behalf of any of the foregoing, shall, by operation of

law, be deemed to have acknowledged that the inclusions of "Unknown Claims" in the

definitions of Released Claims and Settled Defendants' Claims were separately bargained for

and constitute material elements of the Settlement.

4.     "Released Parties" means (a) Defendants; (b) each of their respective current and

former officers, directors, employees, agents, servants, representatives, parents, subsidiaries,

affiliates, controlled persons, controlling persons, predecessors, assigns, assignees, counsel,

members, managers, equity holders, trustees, accountants, advisors, insurers, family members and

partners; (c) as to any person described in clause (b) that is not a natural person, each of their

respective current and former officers, directors, employees, agents, servants, representatives,

parents, subsidiaries, affiliates, controlled persons, controlling persons, predecessors, assigns,

assignees, counsel, members, managers, equity holders, trustees, accountants, advisors, insurers, family members and partners; and (d) as to any of the foregoing, and each of their respective heirs, executors, administrators, legal representatives, successors and assigns.

5.     This release shall be of no force or effect unless and until the Court approves the Settlement set forth in the Stipulation and it becomes effective on the Effective Date.

6.     I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

7.     I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Resource Capital securities that occurred during the Class Period as well as the number and type of Resource Capital securities held by me (us) at the opening of trading on October 31, 2012, and the close of trading on August 5, 2015.

8.     I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

Note:  If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

9

Executed this_____ day of _____ in _____

                                       (Month/Year)                             (City/State/Country)

_____         _____

(Sign your name here)                            (Sign your name here)

_____         _____

(Type or print your name here)                 (Type or print your name here)

_____         _____

(Capacity of person(s) signing, e.g.,           (Capacity of person(s) signing, e.g.,
Beneficial Purchaser, Executor or Administrator)    Beneficial Purchaser, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

**Reminder Checklist**

1  Please sign the above release and declaration

2  If this Claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. Do not send originals of certificates.

5. Keep a copy of your claim form and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your claim form please send it Certified Mail, Return Receipt Requested.

7. If you move, please send your new address to the address below.

8. Do not use red pen or highlighter on the Proof of Claim and Release form or supporting documentation.

## THIS PROOF OF CLAIM FORM MUST BE MAILED NO LATER THAN July 23, 2018,

### ADDRESSED AS FOLLOWS

Resource Capital Securities Litigation
Claims Administrator
PO Box 4850
Portland, OR 97208-4850

10

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DAREN LEVIN, individually and on behalf of all others similarly situated, | Case No. 1:15-cv-07081 |
| Plaintiff, | Hon. Louis L. Stanton |
| v. | **EXHIBIT A-3** |
| RESOURCE CAPITAL CORP., JONATHAN Z. COHEN, DAVID J. BRYANT, ELDRON C. BLACKWELL, and DAVID E. BLOOM, | |
| Defendants. | |

**TO:   ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED RESOURCE CAPITAL CORP. ("RESOURCE CAPITAL") SECURITIES BETWEEN OCTOBER 31, 2012 AND AUGUST 5, 2015.**

**YOU ARE HEREBY NOTIFIED,** pursuant to Rule 23 of the Federal Rules of Civil Procedure that a hearing will be held on  August 3  , 2018, at  12 :00 p.m., before the Honorable Louis L. Stanton, United States District Judge, at the Courthouse for the United States District Court, Southern District of New York, Courtroom 21C, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York 10007, for the purpose of determining, among other things, whether the following matters should be approved by the Court: (1) the proposed Settlement of the claims in the Action for the combined sum of $9,500,000 in cash as fair, reasonable, and adequate to the Members of the Class; (2) whether, thereafter, the Action should be dismissed with prejudice as set forth in the Stipulation and Agreement of Settlement dated February 5, 2018 ("Stipulation"); (3) whether the Plan of Allocation is fair, reasonable, and adequate and therefore should be approved; (4) whether the application of Lead Counsel for the payment of attorneys' fees and reimbursement of expenses incurred in connection with the Action should be approved; and (5) whether the Lead Plaintiff and Additional Plaintiff should be awarded an incentive award.

If you purchased or otherwise acquired common stock, Series B preferred stock, and/or Series C preferred stock from October 31, 2012 through August 5, 2015, your rights may be affected by the settlement of this Class Action. If you have not received the detailed Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and a copy of the Proof of Claim and Release Form, you may obtain them free of charge by contacting the Claims Administrator, by mail at: Resource Capital Securities Litigation, Claims Administrator, PO Box 4850 Portland, OR 97208-4850.

If you are a member of the Class and wish to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim no later than July 23 , 2018 establishing that you are entitled to recovery. As further described in the Notice, you will be bound by any Judgment entered in the Action, regardless of whether you submit a Proof of Claim, unless you exclude yourself from the Class, in accordance with the procedures set forth in the Notice, no later than July 13 , 2018. Any objections to the Settlement, Plan of Allocation, or attorneys' fees and expenses must be filed and served, in accordance with the procedures set forth in the Notice, no later than July 13 , 2018.

Inquiries, other than requests for the Notice, may be made to Lead Counsel for the Class: Nicholas I. Porritt, Esq, Levi & Korsinsky, LLP, 1101 30th Street, N.W., Suite 115, Washington, D.C. 20007, nporritt@zlk.com.

**INQUIRIES SHOULD NOT BE DIRECTED TO THE COURT, THE CLERK'S OFFICE, THE DEFENDANTS, OR DEFENDANTS' COUNSEL.**

If you have any questions about the Settlement, you may contact Lead Counsel at the address listed above.

**DATED:** April 3 , **2018**

**BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

2