UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAREN LEVIN, Individually and on Behalf of All Others Similarly Situated,<br><br>                            Plaintiffs,<br><br>                    v.<br><br>RESOURCE CAPITAL CORP., JONATHAN Z. COHEN, DAVID J. BRYANT, ELDRON C. BLACKWELL, and DAVID E. BLOOM,<br><br>                            Defendants. | Docket No.: 1:15-cv-07081-LLS<br><br>Hon. Louis L. Stanton |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR DISTRIBUTION OF NET SETTLEMENT FUND**

                                                                     LEVI & KORSINSKY, LLP
                                                                      Nicholas I. Porritt
                                                                      Adam M. Apton
                                                                      55 Broadway, 10th Floor
                                                                      New York, New York 10006
                                                                      Tel: (212) 363-7500
                                                                      Fax: (212) 363-7171

                                                                      *Attorneys for Lead Plaintiff Douglas Drees
                                                                      and Lead Counsel for the Settlement Class*

Lead Plaintiff Samuel Saad Revocable Trust ("Plaintiff") submits this memorandum of law in support of his motion:

## I. PRELIMINARY STATEMENT

Plaintiff, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, respectfully submits this memorandum of law in support of their motion for entry of the [Proposed] Order Approving Distribution Plan (the "Distribution Order") in the above-captioned action (the "Action"). The proposed plan is set forth in the accompanying Declaration of Alexander Villanova in Support of Motion for Distribution of Net Settlement Fund ("Villanova Declaration" or "Villanova Decl."), submitted on behalf of the Court-approved Claims Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq").[1]

## II. BACKGROUND

On September 9, 2015, a class action complaint, styled *Levin v. Resource Capital Corp. et al*, 1:15-cv-07081, was filed against Defendants asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5. On November 24, 2015, the Court appointed Douglas Drees as Lead Plaintiff and Levi & Korsinsky, LLP as Lead Counsel for the putative class. ECF No. 21. On February 12, 2016, Plaintiffs filed the Amended Complaint. ECF No. 26.

Defendants sought leave to file a motion to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). On April 12, 2016, following a good faith attempt to meet and confer in accordance with this Court's practice rules, Defendants filed a motion to dismiss. ECF No. 26. Plaintiff opposed the motion to dismiss on June 13, 2016. ECF No. 31. Defendants filed a brief in reply and further support of the motion to dismiss on July 28, 2016. ECF No. 33. On October 5, 2016, the motion to dismiss was denied. ECF No. 36.

---

[1] Unless otherwise indicated, all capitalized terms shall have the meanings set forth in the Stipulation of Settlement dated February 5, 2018 (the "Stipulation"). ECF No. 78.

On June 2, 2017, Plaintiff moved for class certification in the Motion for Class Certification, Appointment of Class Representatives, and Appointment of Class Counsel (the "Class Certification Motion"). ECF No. 56. On August 18, 2017, Defendants filed a brief in opposition to the Class Certification Motion. ECF Nos. 69-70. The Court granted Plaintiff's Class Certification Motion on November 22, 2017, appointing Douglas Drees and Allen Altman as Class Representatives of a class consisting of all persons who purchased or otherwise acquired Resource Capital's Common Shares, Series B Preferred Shares, and Series C Preferred Shares during the Class Period.  ECF No. 77.

On November 28, 2017, with the assistance of Robert Meyer, Esq., as mediator, the parties agreed to a settlement in principle. On February 5, 2018, the parties entered into the Stipulation on. On April 3, 2018, the Court preliminarily approved the Settlement and ordered the dissemination of notice to the Class. ECF No. 81. Class Members wishing to participate in the Settlement were required to submit Proofs of Claim by July 23, 2018.

Pursuant to the Preliminary Approval Order, Lead Counsel retained Epiq, a firm specializing in the administration of class action settlements, to print and mail copies of the Notice to Class Members, to prepare tax returns for the Settlement Fund, to process the proofs of claim submitted by Class Members, and to effectuate distribution of the Net Settlement Fund to Class Members who submitted acceptable proofs of claim. The Summary Notice was published on April 17, 2018 on *PrNewswire* as well as website dedicated to the Settlement (https://www.ResourceCapitalSecuritiesLitigation.com) and the Notice and Proof of Claim were mailed to over 52,500 potential Class members and potential nominees. Villanova Decl. 2-5

On August 3, 2018, the Court approved the proposed $9.5 million settlement and Plan of Allocation as fair, reasonable, and adequate, and directed the parties to consummate the Stipulation in accordance with its terms and provisions, as well entered a Final Judgment and Order of Dismissal with Prejudice. ECF Nos. 95-96.

**III.   CLAIMS ADMINISTRATION**

As a result of a very effective notice program as detailed in the accompanying Villanova Declarations, as of January 2, 2019, the Claims Administrator has received 8,064 Proofs of Claim. Villanova Decl. ¶6. Many of the Claims received by Epiq were incomplete, not signed, not properly documented, or were otherwise deficient. Accordingly, Epiq conducted a Deficiency Process to cure the deficiencies, which included letters and emails to Claimants, and inbound and outbound calls to Claimants, intended to assist Claimants in properly completing their otherwise deficient submissions so that they would be eligible to participate in the Settlement. Villanova Decl. ¶20-22. The Claims Administrator received and reviewed all submitted claims and, to the extent that a claim was deficient in any regard, notified the Claimant of the deficiency and advised the Claimant as to the possible ways to cure the deficiency. Villanova Decl. ¶¶20-22. A sample deficiency notice is attached an exhibit to the Villanova Declaration.

Epiq also received and processed 370 Claims that were postmarked or received after the July 23, 2018 Claim postmark deadline established by the Court. Villanova Decl. ¶ 27.  Of these 370 Claims, 160 have been found to be otherwise eligible in whole or in part (the "Late But Otherwise Eligible Claims"), representing approximately 10% of the total Recognized Loss of all Claims that Epiq is recommending for acceptance. Villanova Decl. ¶¶27, 37. Epiq has not rejected any claim received through January 2, 2019 based solely upon the late submission. However, in order to properly process the Claims, Epiq and Plaintiff recommends that the Court bar any claims received or rejected after January 2, 2019. Villanova Decl. ¶28.

The Claims Administrator has also recommended rejecting 4,016 claims because they are ineligible, wholly deficient, or have no Recognized Loss when calculated in accordance with the Plan of Allocation, as summarized in attachment to the Villanova Declaration. ¶¶33-35. A sample rejection letter is attached as an exhibit to the Villanova Declaration in Exhibit B. Villanova Decl. ¶¶36.

Epiq advised claimants with deficient or otherwise ineligible claims that they could submit their claim for court review, and as a result, Epiq received 43 requests for review by the Court.

Villanova Decl. ¶¶25-26. Epiq attempted to resolve the disputes without the Court's intervention by contacting the Claimants, answering all of their questions, and fully explaining Epiq's determination of the Claim's status, and, where applicable, attempted to facilitate the submission of missing information or documentation. This resulted in the resolution of 38 of the Claims with requests for review. Villanova Decl. ¶26.

### IV.   COURT REVIEW OF REJECTED CLAIMS

Despite Epiq's efforts to resolve open issues with respect to the rejected Claims, seven Claims remain unresolved and in need of Court review. Villanova Decl. ¶26. Epiq, with Plaintiff's approval, respectfully requests that the recommendation to reject these Claims be confirmed by the Court for the following reasons. First, six of the seven Claims did not result in a Recognized Loss under the Plan of Allocation. This was because the Claimant did not hold his or her shares over a corrective disclosure and, therefore, any loss was not proximately caused by the alleged fraud. Where an investor sells his shares "before the relevant truth begins to leak out, the misrepresentation will not have led to any loss." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 342 (2005). Thus, these Claims should be rejected. Villanova Decl. ¶26 (referring to claim nos. 161, 399, 400, 410, 4193, and 4194).

Second, the seventh Claim should be rejected for similar reasons, namely that the Claimant did not purchase stock during the Class Period and therefore cannot share in the recovery. By not having bought Resource Capital stock during the Class Period, the Claimant was not damaged by the alleged fraud and, therefore, does not have a recoverable loss (much less a Recognized Loss under the Plan of Allocation). Villanova Decl. ¶26 (referring to claim no. 4232).

It is respectfully requested that the Court approve the Claims Administrator's recommendations accepting and rejecting claims as set forth above.

### V.   DISTRIBUTION OF NET CLASS SETTLEMENT FUND

Plaintiff requests that the Court enter an order directing and authorizing the Claims Administrator to distribute the Net Settlement Fund to Authorized Claimants as set forth on an attached exhibit to the Villanova Declaration, in proportion to their Recognized Claims as shown

therein, in accordance with the determinations, guidelines, and methodology for approving claims, calculating Recognized Losses, and determining applicable *pro rata* shares set forth in the Villanova Declaration, which are consistent with the Court's prior orders and the terms of the Settlement. Villanova Decl. ¶¶37, 38.

If, no earlier than six months after the Court's entry of an order authorizing distribution, there is any unclaimed, residual amount in the Settlement Fund, it will be redistributed pro rata to all Claimants who have cashed their checks from the first distribution and who would receive at least $10 in a second distribution, so long as a second distribution is feasible. *See* Villanova Decl. ¶38. If any sums remain unclaimed, and the unclaimed amount is not sufficiently large to warrant further distribution, the remaining balance shall be contributed to designated nonsectarian charitable organization as approved by the Court. Villanova Decl. ¶38

In order to allow the full and final distribution of the Settlement Fund, it is respectfully requested that the Court bar any further claims against the Settlement Fund beyond the amounts allocated to Authorized Claimants pursuant to the Court's order authorizing final distribution. Pursuant to Paragraphs 5-7 of the Stipulation, it is also respectfully requested that the Court bar any claims against Plaintiffs, Lead Counsel, Defendants, Settling Defendants' Counsel, the Claims Administrator, the Escrow Agent, or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with the Settlement Stipulation, the Plan of Allocation, or the orders of this Court.

## VI.   CONCLUSION

Plaintiff respectfully requests that this Court enter an order, substantially in the form attached hereto:

1. approving the administrative determinations of the Claims Administrator as to the acceptance and rejection of submitted claims;

2. ordering that no claims received or cured of Deficiency after January 2, 2019 will be accepted unless, after distribution under the Distribution Plan, if Lead Counsel determines that further redistributions are not cost effective and before any

      contribution of the residual funds to charity, if sufficient funds remain to warrant the processing of Claims, then such claims may be processed.

3. authorizing the distribution of the Settlement Fund to all Authorized Claimants, in accordance with the Plan of Allocation;

4. authorizing the distribution, no earlier than six (6) months after the date of the order approving initial distribution, of any unclaimed, residual balance in the Settlement Fund to all Claimants who have cashed their checks and who would receive at least $10.00, after payment of the estimated fees and expenses to be incurred in making this second distribution;

5. authorizing that thereafter, if any sums remain unclaimed and the balance is not sufficiently large enough to warrant further distribution, the balance be paid to non-sectarian, not-for-profit organization(s) to be recommended by Lead Counsel;

6. ordering that all Class Members, whether or not they are to receive payment from the Settlement Fund, are barred from making any further claim against the Settlement Fund beyond the amounts allocated to them pursuant to this Court's order;

7. ordering that no person shall have any claim against Plaintiff, Lead Counsel, Defendants, Settling Defendants' Counsel, the Claims Administrator, the Escrow Agent, or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with the Settlement Stipulation, the Plan of Allocation, or the orders of this Court; and

8. granting such other and further relief as this Court deems appropriate.

Dated: January 29, 2019                    Respectfully submitted,

                                                                LEVI & KORSINSKY, LLP

                                                                <u>s/ Adam M. Apton</u>
                                                                Nicholas I. Porritt
                                                                Adam M. Apton
                                                                55 Broadway, 10th Floor
                                                                New York, New York 10006
                                                                Tel: (212) 363-7500
                                                                Fax: (212) 363-7171

                                                                *Attorneys for Lead Plaintiff Douglas Drees*
                                                                *and Lead Counsel for the Settlement Class*