ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/20/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAREN LEVIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>RESOURCE CAPITAL CORP., JONATHAN Z. COHEN, DAVID J. BRYANT, ELDRON C. BLACKWELL, and DAVID E. BLOOM,<br><br>Defendants. | Case No. 1:15-cv-07081-LLS<br><br>Hon. Louis L. Stanton<br><br>**~~[PROPOSED]~~ ORDER GRANTING MOTION FOR DISTRIBUTION OF NET SETTLEMENT FUND** |

Lead Plaintiff Douglas Drees ("Plaintiff"), on notice to Defendants' Counsel, moved this Court for an order approving the distribution plan for the Net Settlement Fund in the above-captioned class action (the "Action"), and the Court having considered all the materials and arguments submitted in support of the motion, including Plaintiff's Notice of Motion for Distribution of Net Settlement Fund and Memorandum of Points and Authorities in Support Thereof; and the Declaration of Alexander Villanova in Support of Motion for Distribution of Net Settlement Fund (the "Cormio Declaration"), submitted therewith;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. This Order incorporates by reference the definitions in the Stipulation of Settlement dated February 5, 2018 (the "Stipulation") (ECF No. 78), and all terms used herein shall have the same meanings as set forth in the Stipulation and the Villanova Declaration.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. The administrative recommendations to accept claims, including the otherwise valid claims filed after the original March 19, 2018 postmark deadline ("Late But Otherwise Eligible Claims"), and to reject wholly ineligible or otherwise deficient claims, as recommended by the Claims Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq"), as stated in the Villanova Declaration, are adopted;

4. Plaintiff's plan for distribution of the Net Settlement Fund to Authorized Claimants is APPROVED. Accordingly,

A. Epiq will calculate award amounts to all Authorized Claimants by calculating their pro rata share of the fund in accordance with the Court-approved Plan of Allocation (the Claimant's "Distribution Amount").

B. Epiq will, pursuant to the terms of the Court-approved Plan of Allocation, eliminate any Authorized Claimant whose Distribution Amount calculates to less than $10.00, when the exact distributable amount is determined. Such Claimants will not receive any distribution from the Net Settlement Fund and Epiq will send letters to those Authorized Claimants advising them of that fact.

C. After eliminating Claimants who would have received less than $10.00, Epiq will recalculate the pro rata distribution amounts for Authorized Claimants who will receive $10.00 or more pursuant to the calculations described in subparagraph B. above.

D. Epiq will then conduct an Initial Distribution of the Net Settlement Fund by distributing to Authorized Claimants who will receive $10.00 or more their pro rata distribution amounts.

E. To encourage Authorized Claimants to promptly cash their payments, all Initial Distribution checks will bear a notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED WITHIN [90] DAYS AFTER ISSUE DATE."

F. Epiq will endeavor to make reasonable and diligent efforts to have Authorized Claimants negotiate their Initial Distribution checks. Authorized Claimants who do not negotiate their Initial Distribution checks within the time allotted will irrevocably forfeit all recovery from the Settlement. The funds allocated to all such stale-dated checks will be available in the re-distribution to other Authorized Claimants. Similarly, Authorized Claimants who do not negotiate subsequent

distributions within the time allotted will irrevocably forfeit any further recovery from the Settlement.

G. After Epiq has made reasonable and diligent efforts to have Authorized Claimants negotiate their Initial Distribution checks, but no earlier than six (6) months after the Initial Distribution, Epiq, if Lead Counsel has determined that it is feasible and practicable in light of the amount of the remaining Net Settlement Fund and Epiq's estimated costs for the second distribution, will conduct a second distribution of the Net Settlement Fund (the "Second Distribution"). If Lead Counsel has determined that a Second Distribution is feasible and practicable, then any amounts remaining in the Net Settlement Fund after the Initial Distribution, and after deducting Epiq's estimated fees and expenses incurred in connection with administering the Second Distribution, and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be distributed to all Authorized Claimants in the Initial Distribution who (1) cashed their distribution payment; and (2) are entitled to at least $10.00 from the redistribution based on their pro rata share of the remaining funds.

H. At such time as Epiq and Lead Counsel determine that further re-distribution is not cost-effective, Lead Counsel will seek direction from the Court with respect to the transfer of the balance of the Net Settlement Fund, if any, after payment of any unpaid expenses or fees incurred in connection with administering the Net Settlement Fund the costs of additional distributions, and after the payment of any estimated escrow fees or taxes and the costs of preparing appropriate tax returns, to the designated cy pres organization, the Investor Protection Trust.

I. No further Proofs of Claim shall be accepted after December 4, 2018, and no further adjustments to Proofs of Claim shall be made for any reason after December 4, 2018.

J. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they receive payment from the Net Settlement Fund, are barred from making any further claims against the Net Settlement Fund, Plaintiff, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Plaintiff or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund beyond the amount allocated to Authorized Claimants.

K. Unless otherwise ordered by the Court, one year after the Initial Distribution, Epiq will destroy the paper copies of the Proofs of Claim and all supporting documentation, and one year after the all funds have been distributed, Epiq will destroy electronic copies of the same.

L. All of the fees and expenses incurred by Epiq in connection with its administration of the Settlement and to be incurred in connection with the Initial Distribution are APPROVED; and

5. This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

IT IS SO ORDERED.

DATED: February 20, 2019

Louis L. Stanton

THE HONORABLE LOUIS L. STANTON
UNITED STATES DISTRICT JUDGE