UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAREN LEVIN, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>     v.<br><br>RESOURCE CAPITAL CORP., JONATHAN Z. COHEN, DAVID J. BRYANT, ELDRON C. BLACKWELL, and DAVID E. BLOOM,<br><br>        Defendants. | Docket No.: 1:15-cv-07081-LLS<br><br>Hon. Louis L. Stanton |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DIRECTING CASE CLOSURE, APPROVAL OF CLAIMS ADMINISTRATION FEES AND EXPENSES, AND DISTRIBUTION TO THE CY PRES RECIPIENT**

LEVI & KORSINSKY, LLP
Nicholas I. Porritt
Adam M. Apton
55 Broadway, 10th Floor
New York, New York 10006
Tel: (212) 363-7500
Fax: (212) 363-7171

*Attorneys for Lead Plaintiff Douglas Drees and Lead Counsel for the Settlement Class*

**I.    PRELIMINARY STATEMENT**

Lead Plaintiff Douglas Drees ("Plaintiff") hereby respectfully request to the Court approve the reimbursement of the claims administration fees and expenses incurred by the Claims Administrator since the initial distribution and close the case. Plaintiff also requests that the remainder in the Settlement Fund be distributed to the *cy pres* recipient, the Investor Protection Trust.

**II.   ARGUMENT**

    **A.    The Claims Administrator Has Conducted One Distribution and the Remaining Net Settlement Fund is Insufficient to Conduct a Second Distribution.**

As set forth in the accompanying Declaration of Alexander Villanova (the "Villanova Declaration") and pursuant to the Distribution Order, the Claims Administrator Epiq Systems, Inc., ("Epiq") carried out the initial distribution of the Net Settlement Fund to Class Members. After the initial distribution, after accounting for payment of unpaid fees and expenses owed to the Claims Administrator, the amount of funds remaining totaled $58,374.99. *Id*. at ¶ 10. Plaintiff and Epiq have determined that it is not cost-effective to administer a Second Distribution as a merely *de minimus* distribution, if any, would result, and is therefore prepared to transfer the balance of the Settlement Fund to the Investor Protection Trust once authorized by the Court. *Id*. at ¶ 11-14.

    **B.    The Remaining Funds Should Be Distributed *Cy Pres***

The Court's order approving distribution (Dkt. No. 101) provides if Lead Counsel deems it inappropriate and any amounts remain in the Settlement Fund (after payment of all notice and claim administration expenses, necessary taxes and tax expenses, attorneys' fees and expenses and eligible claims including after the upward adjustments of eligible claims), the amount remaining in the Settlement Fund will be transferred to the Investor Protection Trust pursuant to the *cy pres* doctrine. *Id*. at ¶4.H. Thus, Plaintiff seeks the Court's approval that all remaining funds shall be

issued to the court-approved *cy pres* recipient, the Investor Protection Trust located at 1020 19th Street NW, Washington, DC 20036-6123.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant in its entirety the Motion.

Dated: January 27, 2020

Respectfully submitted,

LEVI & KORSINSKY, LLP

s/ Adam M. Apton
Nicholas I. Porritt
Adam M. Apton
55 Broadway, 10th Floor
New York, New York 10006
Tel: (212) 363-7500
Fax: (212) 363-7171

*Attorneys for Lead Plaintiff Douglas Drees and Lead Counsel for the Settlement Class*